ItUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GERALD T. POE, | Case No. 10-12006 |
| Plaintiff, | John Corbett O'Meara |
| vs. | United States District Judge |
| COMMISSIONER OF | Michael Hluchaniuk |
| SOCIAL SECURITY, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO REMAND UNDER SENTENCE SIX (Dkt. 12)**

**I.     PROCEDURAL HISTORY**

A.     Proceedings in this Court

On May 18, 2010, plaintiff, proceeding *pro se*, filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge John Corbett O'Meara referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 3).

The Court issued a scheduling order directing plaintiff to file his motion for summary judgment on or before August 23, 2010. (Dkt. 9). Plaintiff failed to timely file his motion for summary judgment and a show cause order issued. (Dkt.

11). In response, plaintiff indicated that he requested his lawyer to provide medical evidence from his pain specialist on four occasions, and his lawyer failed to do so. (Dkt. 12). It appeared that plaintiff wanted the Court to remand this matter to the ALJ for consideration of new and material evidence and thus, the Court, in treating this submission as a motion to remand under sentence six, directed plaintiff to submit the evidence for consideration and to explain why this evidence justifies a sentence six remand. (Dkt. 14). The Court explained to plaintiff that he must show that there is good cause why this evidence was not presented earlier and must also show that the evidence is material. *Id*. Plaintiff submitted the evidence on July 13, 2011. (Dkt. 17). The government filed their response to plaintiff's motion to remand on July 28, 2011. (Dkt. 18).

B.   Administrative Proceedings

Plaintiff filed the instant claims on November 24, 2006, alleging that he became unable to work on April 15, 2005 . (Dkt. 8, Tr. at 88). The claim was initially disapproved by the Commissioner on February 13, 2007. (Dkt. 8, Tr. at 62-66). Plaintiff requested a hearing and on July 11, 2008, plaintiff appeared with counsel before Administrative Law Judge (ALJ) William C. Thompson, Jr., who considered the case *de novo*. In a decision dated September 26, 2008,[1] the ALJ

---

[1] There are two decisions in the record, one dated September 26, 2008 and one dated September 24, 2008. They appear to be completely identical in

found that plaintiff was not disabled. (Dkt. 8, Tr. at 26-38). Plaintiff requested a review of this decision on October 2, 2008. (Dkt. 8, Tr. at 9-12). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on March 24, 2010, denied plaintiff's request for review. (Dkt. 8, Tr. at 1-3); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

Plaintiff was 37 years of age at the time of the most recent administrative hearing. (Dkt. 8, Tr. at 43). Plaintiff's relevant work history included approximately 12 years as a factory worker. (Dkt. 8, Tr. at 104). In denying plaintiff's claims, defendant Commissioner considered spinal fusion, lower back and right leg pain as possible bases of disability. (Dkt. 8, Tr. 103).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since April 15, 2005. (Dkt. 8, Tr. at 31). At step two, the ALJ found that plaintiff's impairments of status-post lumbar fusion and pain disorder were "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.* At step four, the ALJ found that plaintiff could not perform his previous work as a hand packager. (Dkt. 8, Tr. at 36). At step five,

---

substance and only the date and some minor formatting distinguish them. (Tr. 16-38)

the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. (Dkt. 8, Tr. at 37).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for remand under sentence six be **DENIED**, but **RECOMMENDS** that this matter should be **REMANDED** for further proceedings under sentence four.

## II.     ANALYSIS AND CONCLUSIONS

### A.     Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of

appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her

8

> past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Sentence Six</u>

Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed.Appx. 593, 598-99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r*, 97 Fed.Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r*, 79 Fed.Appx. 852, 859

(6th Cir. 2003).

Plaintiff's medical records generally fall into two categories: those that pre-dated the decision of September 2008 and those that post-dated the decision (records from January, 2009 to March, 2011). In the view of the undersigned, plaintiff has neither addressed nor carried his burden of demonstrating good cause as to those records that pre-date the decision. Plaintiff merely states that his attorney failed to provide the records to the ALJ. An attorney's failure to provide evidence to the ALJ, however, does not constitute "good cause" for purposes of a sentence-six remand. *See Cline v. Commissioner*, 96 F.3d 146, 149 (6th Cir. 1996); *Taylor v. Commissioner*, 43 Fed.Appx. 941, 943 (6th Cir. 2002) (An allegation of attorney error has not been found to constitute good cause for purposes of a sentence six remand.). Thus, to the extent that the records proffered by plaintiff pre-dated the hearing in this matter, he cannot show "good cause" based on the error of his attorney in failing to the submit them to the ALJ for consideration and a sentence six remand is not warranted.

Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed.Appx. 547, 550 (6th Cir. 2007). However, evidence of the

aggravation or deterioration of a condition is not relevant because it "does not demonstrate the point in time that the disability itself began." *Sizemore v. Sec'y of Health & Human Serv's.*, 865 F.2d 709, 712 (6th Cir. 1988). Plaintiff does not explain why or how the records submitted would have reasonably persuaded the ALJ to make a different decision for the period at issue and thus, the undersigned concludes that a sentence six remand based on the post-decision records is also not appropriate.

    D.    <u>Sentence Four</u>

While a remand under sentence six may not be appropriate, a remand under sentence four is necessary, in the view of the undersigned. Much of the ALJ's credibility analysis focused on an apparent pain medication dependence issue and plaintiff's refusal to consider treatment alternatives suggested by the interdisciplinary team at Michigan Pain Specialists (see report dated October 11, 2006; Dkt. 8-7, Pg ID 232) and plaintiff's failure to follow the opiate contract with Dr. Malinoff's office in January 2007. (Dkt. 8-7, Pg ID 290-296). As noted by Dr. Kurz (plaintiff's neurosurgeon) on February 6, 2007, plaintiff was treating with a different pain specialist, Dr. Newman of the Detroit Institute for Pain Management, who was now prescribing his pain medications. More critically, according to Dr. Kurz, Dr. Newman was going to conduct an EMG and do additional treatments and evaluations to address plaintiff's apparent worsening

numbness and tingling. (Dkt. 8-8, Pg ID 463). The undersigned finds it troubling that Dr. Newman's records are not part of the administrative record and there was apparently no effort by plaintiff's attorney or the ALJ, despite their obvious critical importance, to obtain them. *Sims v. Apfel*, 530 U.S. 103, 110–111 (2000) (The ALJ has a duty to investigate the facts and develop the arguments both for and against granting benefits.). In this case, the medical records on which the ALJ relies for his decision relating to plaintiff's back pain essentially end in early 2007, when Dr. Kurz decided he could do nothing more surgically. However, that is precisely when plaintiff began having numbness, tingling, and subsequent falling episodes and began treating with Dr. Newman (and apparently other physicians as well). The hearing in this matter was held in July, 2008 and the decision was issued in September, 2008. Yet, the ALJ did not have complete medical records from most 2007 and all of 2008.

In the view of the undersigned, this matter should be remanded for reconsideration of plaintiff's credibility based on updated and complete medical records, which the ALJ should obtain. In addition, it does not appear that any of plaintiff's treating physicians were asked to give their opinions regarding plaintiff's functional limitations, which is obviously critical to the decision made by the ALJ. Thus, on remand, such evaluations should be requested as well.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for remand under sentence six be **DENIED**, but **RECOMMENDS** that this matter be **REMANDED** for further proceedings under sentence four.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 12, 2011

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 12, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Judith E. Levy, AUSA, and the Commissioner of Social Security, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Gerald T. Poe, 45153 Paris Drive, Belleville, MI 48111.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov